# Supreme Court of the Navajo Nation

---

**Lula M. McClellan,** *Petitioner-Appellee,*

*vs.*

**Carl R. McClellan,** *Respondent-Appellant.*

Decided November 3, 1987

---

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Larry Kee Yazzie, Esq., Tuba City, Arizona for the Appellant; Gary E. LaRance, Esq., Tuba City, Arizona for the Appellee.*

*Opinion delivered by Tso, Chief Justice.*

On September 18, 1986, Petitioner Lula McClellan filed a Petition for Dissolution of Marriage in the Tuba City District Court. On January 27, 1987, Respondent Carl R. McClellan was personally served off the Navajo Reservation by a deputy from the Coconino County Sheriff's Department. Apparently, the petitioner did not request and obtain authorization from the Tuba City District Court to serve process upon the respondent through the Coconino County Sheriff's Department.

On March 16, 1987, the petitioner filed a Motion for Default Judgment alleging that the respondent had been personally served, and despite such service, the respondent had not filed an answer to her petition. On April 16, 1987, the respondent filed a motion to dismiss the petition for lack of personal jurisdiction. The respondent alleged in his motion that service of process upon him by the sheriff's deputy was improper. The respondent's motion to dismiss was denied on April 22, 1987. The respondent appealed the order denying his motion to dismiss on May 28, 1987.

Apparently, the respondent is under the mistaken belief that by appealing the order denying the motion to dismiss, this Court would have jurisdiction to review the issue relating to service of process. This Court's appellate jurisdiction covers *final* orders, or *final* judgments, entered by the Navajo District Courts. 7 N. T. C. Sec. 302 (1985); 7 N. T. C. Sec. 801(a)

(1985). *Chuska Energy Company v. The Navajo Tax Commission*, 5 Nav. R. 98 (1986).

An order denying a motion to dismiss for lack of jurisdiction is not a final order that can be appealed. *Billie v. Abbott*, 5 Nav. R. 201 (1987). Indeed, a non-final order is merely interlocutory, and within the jurisdiction of the Navajo courts, interlocutory appeals are not allowed. *Chuska Energy Company v. The Navajo Tax Commission*, 5 Nav. R. 98 (1986); *Billie v. Abbott*, 5 Nav. R. 201 (1987). Here the order denying the motion to dismiss did not terminate the case. Neither did it decide the merits of the issues between the parties.

Interlocutory appeals only promote piecemeal litigation of the case. If parties in a case were allowed to appeal each adverse order of the district court prior to final judgment, this Court would be overburdened with appeals from one case. In addition, our decision on each order appealed would unduly interfere with the orderly administration of justice in the district court. For these reasons we hold that the order denying the motion to dismiss in this case is not a final appealable order. The appeal is dismissed for lack of jurisdiction.